**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA NAISIAE PULEI,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 07-73753<br><br>Agency No. A097-608-711<br><br><br>MEMORANDUM[*] |
| DIANA NAISIAE PULEI,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-71563<br><br>Agency No. A097-608-711 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 6, 2010[]
Seattle, Washington

Before: CANBY, NOONAN and BERZON, Circuit Judges.

Diana Pulei, a native and citizen of Kenya, petitions for review of the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In her application, Pulei asserted that she suffered past persecution because in 1988, she was forced into marriage and threatened with female genital mutilation. The Immigration Judge ("IJ") denied relief on the basis of an adverse credibility determination, and the Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the IJ. We review the decision of both the IJ and the BIA. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009). We evaluate the adverse credibility determination for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and apply pre-REAL ID Act standards because Pulei's asylum application was filed prior to the Act's effective date, *see Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). Pulei also petitions for review of the BIA's denial of her motion to reopen, which we review for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny both petitions.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

At her hearing, Pulei testified inconsistently about her forced marriage. Pulei testified that she was married in 1988, and that she lived with her putative husband for six months before escaping to a rescue center. During those six months, Pulei was forced by her putative husband to have sex and she became pregnant. Pulei stated several times during the hearing that she was pregnant when she escaped to the rescue center, and that her husband was the father of her son. However, she also stated that her son was born in 1991. When confronted with this inconsistency, Pulei insisted that she was married in 1988, but eventually stated that she couldn't remember when she got pregnant. Pulei's inconsistent testimony about her forced marriage and her resulting pregnancy goes to the heart of her claim for asylum, and the inconsistency was not adequately explained. This evidence is sufficient to support the IJ's adverse credibility determination. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("A single supported ground for an adverse credibility finding is sufficient if it relates to the basis for [petitioner's] alleged fear of persecution and goes to the heart of the claim.") (internal quotations omitted).

In the absence of credible testimony, Pulei's claims for asylum and withholding fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Pulei's CAT claim is based on the same evidence the IJ found not

3

credible, and no other evidence in the record compels a finding that it is more likely than not Pulei would be tortured if returned to Kenya, her CAT claim also fails. *See id.* at 1157.

The BIA did not abuse its discretion when it denied Pulei's motion to reopen. To prevail on a motion to reopen based on ineffective assistance of counsel, Pulei must demonstrate that she was prejudiced by her counsel's performance. *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). Prejudice can be shown where counsel's performance was "so inadequate that it *may* have affected the outcome of the proceedings." *Id.* at 793-94 (internal quotations omitted). Pulei argues that her counsel failed to challenge the IJ's adverse credibility finding or otherwise provide a basis for her appeal to the BIA. Because we find that substantial evidence supports the credibility finding of the IJ, we conclude that Pulei cannot show that her counsel's performance was prejudicial. Accordingly, the BIA did not abuse its discretion in denying Pulei's motion to reopen.

**THE PETITIONS FOR REVIEW ARE DENIED.**